**Rajesh Kumar NANDA, a.k.a. Gulshan Kumar Anand, Petitioner,**

v.

**The BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 03–41144–AG.

United States Court of Appeals, Second Circuit.

Dec. 8, 2005.

Rajesh Kumar Nanda, a.k.a. Gulshan Kumar Anand, New York, N.Y., for Petitioner, pro se.

David E. O'Meilia, United States Attorney for the Northern District of Oklahoma, Loretta F. Radford, Assistant United States Attorney, for Respondent.

: Hon. Dennis JACOBS, Hon. Robert A. KATZMANN, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the decision of the BIA be and it hereby is AFFIRMED.

Rajesh Kumar Nanda, *pro se*, petitions for review of the BIA order denying his motion to reopen. We assume the parties' familiarity with the underlying facts and procedural history.

A motion to reopen "asks that the proceedings be reopened for new evidence and a new decision, usually after an evidentiary hearing." *Zhao v. U.S. DOJ*, 265 F.3d 83, 90 (2d Cir.2001). An alien is limited to one motion to reopen exclusion or deportation proceedings. *See* 8 U.S.C. § 1229a (c)(7)(A) (2005); 8 C.F.R. § 1003.2(c)(2) (2005). This motion must be filed within ninety days of the final administrative decision. 8 U.S.C. § 1229a (c)(7)(C) (2005); 8 C.F.R. § 1003.2(c)(2) (2005). A motion that does not comply with these time and numerical limitations can only be brought where the alien can establish "changed country conditions arising in the country of nationality...." 8 U.S.C. § 1229a (c)(7)(C)(ii) (2005); 8 C.F.R. § 1003.2(c)(3)(ii) (2005). Such a motion to reopen shall not be granted unless it appears that the evidence offered "is material and was not available and could not have been discovered or present-

247

ed" at the previous hearing. 8 C.F.R. § 1003.2(c)(1).

When the BIA denies a motion to reopen, this Court reviews the BIA's decision under an abuse of discretion standard. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005) (internal citations omitted). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Zhao* 265 F.3d at 93 (internal citations omitted). When considering motions to reopen, the BIA must consider the record as a whole, and it may be an abuse of discretion to deny a motion to reopen without addressing "all the factors relevant to [a] petitioners claim." *Id.* at 97.

The BIA did not abuse its discretion in denying Nanda's motion to reopen based on the failure to abide by the time limitations. The BIA entered the final order in Nanda's removal proceedings on October 12, 2000. Nanda had 90 days to file a motion to reopen, yet did not file his motion until April 18, 2003, more than two years later, clearly beyond the filing deadline. Further, Nanda is not eligible for an exception to the time limitation requirement, *see* 8 C.F.R. § 1003.2(c)(3); he has failed to submit any documents to evidence a change in country conditions in India in the April 18, 2003 motion to reopen. While Nanda has alleged a change in circumstances due to his marriage to a United States citizen, this change in personal status is insufficient to overcome the time limitations. *See In re Velarde–Pacheco*, 23 I. & N. Dec. 253, 256, 2002 WL 393173 (BIA 2002)(finding that a motion to reopen may be granted to pursue an application for an adjustment of status based on mar-

riage to a United States citizen, but that the motion must be, *inter alia*, timely filed).

For the foregoing reasons, the petition for review is DENIED, the BIA's November 2003 decision is AFFIRMED, the outstanding motion for stay of removal is DENIED, and the Government's request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).